Number 221577, Monterey Research against Vidal. Mr. Jackson, whenever you're ready. May it please the Court. Thank you, Your Honor. So, the board's construction of multi-queue storage device recognized that the, it's a device, storage device, that has data organized into multiple queues, and it's explained that that construction was out regard to whether the logic or component that organizes or manages the queues are internal or external to the storage device. So, the board recognized there could be an internal control, what I'll call control logic, or it could be external, that is outside of the storage device. And that's not, that claim construction is not challenged on appeal, correct? That's correct, Your Honor. Okay. That's correct. And so, but I think the distinction there and the recognition by the board about internal versus external is important because the only device in the Joshi reference that has those multiple queues is arguably the buffer memory 38. And as you can see in figure 1 of Joshi, the data path controller, 43 in particular, is outside, it's external to that storage, that buffer memory 38, storage device. So, and all of the board's conclusions are premised on the conclusion that it's the data path controller 43 plus the buffer memory 38 that make up the claimed storage device. Do you contend that the data path controller 43 doesn't organize or manage the buffer memory 39? I do not agree with the board's conclusion on that, Your Honor. That's correct. And so that's an issue that we would review for substantial evidence, right? Correct, but, you know, again, we have to look at the facts to see whether the facts support that conclusion. Yeah, that's what I mean by substantial evidence, whether there's factual evidence to support that fact finding. Right. Yes, Your Honor. And if there's any device in the Joshi system that, in fact, controls or organizes or manages to use the board's language, it's going to be RAM buffer controller 44. That's the one that sets the addresses to be read from or stored to. It dictates what the RAM, I'm sorry, what the buffer memory 38 does in terms of whether it's reading or writing. That's the device that's going to be the closest to being something that controls the buffer memory 38. The data path controller, I'm sort of jumping ahead a little bit in my argument here, but the data path controller, the director argued, controlled the buffer memory 38, but what the reference actually says is it serves to control the data transmission to and from the buffer memory 38. That's at column 8, lines 52 to 55. So it's controlling the data interface with the buffer memory 38. It's not controlling it itself. That's really being done by, if anything, by RAM buffer controller 44. So that's another reason for why the board's conclusions are unsupported by the actual evidence of record, Your Honor. And then in addition, the reference makes it clear that the data path controller, this is another example of why we know that the data path controller is external to, not part of, buffer memory 38. It has to request access to buffer memory 38, and that's when the RAM buffer controller 44 has to arbitrate between the different parts of the system to determine who has priority to access the buffer memory. And so if it were integral with or considered to be internal to the buffer memory, it would not need to make that request. So again, another reason for, another piece of evidence supporting our position, frankly, that the board's position, their conclusion was wrong about what constituted the multi-queue storage device. The board was also incorrect with respect to the limitation regarding the generation of an address request signal. And again, this is sort of the same point but couched in a for the address request signal are generated by the data path controller 43. And so once we recognize that that is not a part of the multi-queue storage device, then the board's conclusion that the multi-queue storage device generates the address request signal is necessarily wrong as well. So your second argument that you're making here really rises and falls with whether the board erred in finding that the buffer memory, or that the buffer memory 39 combined with the data path controller 43 is the multi-queue memory, right? That's right. It's just a logical conclusion based on my first argument. That's right, Your Honor. But the third argument I want to make is that the signals that in fact the board identified and relied upon as that address request signal are in fact not requesting an address. The board relied on the data path controller read request. There's an asynchronous and a synchronous version. The acronym was DRDREQS and DRDREQA. Those data path controller read request signals are requesting access to the buffer memory 38. They're not requesting an address, and the claim is clear that the signal that's generated has to be requesting an address. That's right in the claim language. So requesting access to the buffer memory is not the same thing as requesting an address, which is what, of course, happens in the patent owner's patent. It's a different architecture, frankly. And so those address signals, and frankly, even the petitioner's expert, he testified that an address request signal requests a queue address. We have that site that's on APPX 1387, Your Honor. So I know that the director has pointed to the fact that in the board, frankly, relied upon the fact that downstream of making that access request, there is some address that is generated, and I'll acknowledge that. But it's one of many things that happens as a result of the data path controller sending that access request to the RAM buffer controller. It's not requesting an address. Give me an address. What's the next address you want me to read from? It's saying, I'd like to have access to the buffer memory. And that's really all I have, Your Honor, for now. I'd like to reserve the remainder of my time unless there are questions. Thank you. May it please the Court. On the first issue with respect to the multi-queue storage device and what constitutes that device, as Monterey's counsel acknowledged, the board's construction is uncontested, that the control logic can be internal or external to the buffer memory itself. And so whether you want to draw a box around simply the buffer memory 38, or draw a box around both the buffer memory 38 and the data path controller 43, you still have a device. The way I heard his argument, he's basically boiling it down to the request of an address limitation. Isn't that what you understood him to be arguing essentially? He is arguing that as well. But not as well. I mean, that seems to be the heart of his argument here. What's your response to that? My response is that we look at- What teaches in Joshi the request of an address? The data path controller 43 transmits the synchronous or the asynchronous request to the RAM buffer controller 44. The data path controller always has priority. Are you relying on the DRDEQS signal? Yes. Why is that an address request signal? Because that is what is ultimately causing the RAM buffer controller to send an address to the buffer memory 38. You're saying even if it's not saying it's an address request, what it gets back is an address, so therefore it's an address request? Yeah, I think the claim language address request is very broad. These figures we're looking at here- What's the consequences of it being broad? I'm sorry? What's the consequence of it being broad? The purposes of your argument? The consequences of it being broad is that when we're looking at Joshi, we don't need to take a step back. In both the 226 patent and Joshi, these figures we're looking at are simply block diagrams that are showing conceptual relationships. These are not physical devices here in the figures that we're looking at. The question is, does Joshi meet the requirement for an address request signal? The fact that the data path controller is initiating that signal to the RAM buffer controller, which then is- Is that requesting an address signal? I believe it is. What's the exact language of the claim we're talking about? On page 910-and I'm sorry, Your Honor, you're asking for the prior art or for the claim languages? Claim language. Well, the claim language of the patent under consideration here simply says, Claim 1 said multi-queue storage device is configured to generate an address request signal. And Joshi on pages 907 and 910 of the appendix explains how that works. I'm reading on column 10, appendix page 907, where starting at line 10, the RAM buffer controller includes request arbitration logic, which serves to arbitrate the requests. And so what this is saying here is that the data path controller always has priority to go through to send a request through the RAM buffer controller. Then on page 910 of the appendix, column 15, line 49, when access to the medium is obtained, the data path controller will assert a service request requesting that data be read from the buffer memory 38. The request from the data path controller takes the form of assertion of the signal DRD request synchronous or DRD request asynchronous. The two signals stand for data path controller read request synchronous and so on. So the assertion of a data path controller read request causes the control logic to generate the proper select signal. And then there is a pointer, the re-pointer for the transmit buffer. So that pointer that we're ultimately getting is... Is an address. Correct. So when we compare what's going on in the 226 patent that's under challenge here and we compare that to what Joshi is doing, it is, at the end of the day, the same thing. An address is requested and an address is generated, sent to the multi-queue storage memory and that data that is at that address is produced. I think that what the appellant's counsel is arguing here is... is arbitrary, right? That there's no reason to combine those two together. And in particular, taking the view that this DPC 43 isn't actually controlling the buffer memory 38, right? It's only controlling the data on the path. What is your response to that? It is controlling the buffer memory. That is the element that is causing that address request to be initiated. So that's why it's there. To me, that seems to be managing the... What would be the record sites that you would give for that point? Sure. And is your only... I mean, I know there's column 8, lines 52 to 55, which our expert also cited, about how the datapath controller serves to control the data transmission to and from the buffer memory 38. Do you have anything in addition to that? That is our site for that and we believe that that is substantial evidence. What about the fact that it says data transmission? Do you think that makes a difference? Do you think that controlling the data transmission should be understood as also controlling the memory? My understanding of controlling data transmission is that it's controlling data that is ultimately going out on the data bus to go somewhere else. And so I think conceptually, I think they're two different functions, but they are related. And I think it's plausible that the datapath controller can do both. It certainly doesn't detract from its ability to initiate that address request signal. I was just going to that. I mean, I think they're relying on the board's construction that the logic or component that organizes or manages the queues can be internal or external. So how is it that the component 43 organizes and manages the queues? Well, what I believe is actually organizing and managing the queues is the RAM buffer controller. So really it's three elements that we're looking at here that are working together. It's the datapath controller, the RAM buffer controller, and the buffer memory. And it's that RAM buffer controller that's doing the managing. It's the same concept that we're looking at with the datapath controller, and that when we're looking at these diagrams at such a level of abstraction that we can consider them all to be part of the same device. In other words, your argument doesn't depend on whether the datapath controller 43 controls the queues in the buffer memory, right? That's correct. Okay. Thank you. Can you just remind me again, what is the affirmative justification for treating 43 and 38 together as a unit constituting the multi-queue storage device? The affirmative argument is that functionally they perform the same thing as what the memory is doing in the 226 PET. So an address request has to be generated, and that is what prompts this loop of an address being pulled and then sent back to the buffer memory. So the same sequence of events are happening. In addition, because the diagrams we're looking at are block diagrams and are at a level of abstraction that would leave to the engineer the choices to exactly what physical components to use when designing this system, that what constitutes a device in the first place is very broad. Thank you. Can I just ask a quick question about the second issue, about the request? Was there a claim construction for address requests? No, there was not. There was not an express claim construction. Or any requested? I don't believe there was. Is it your view that the board's decision depends on saying that if I make a request to you and in order for you to fulfill it you need to get an address, then I have requested an address, even though I'm not particularly thinking about an address? I believe the board's view is that when Judge Toronto, you're asking me that initial prompt, is that we are assuming that an address is going to be requested. So that is the purpose of that communication being asserted. Because you can't get what I've requested without an address? Correct. But again, the only reason you're asking me to do it is because we know that an address, I'm going to go request one, and then it's going to be sent to the buffer memory. I just wanted to provide one additional site. I mentioned that these are block diagrams that we're looking at at a pretty high level of abstraction. Page 53, appendix page 53, column 9, starting at line 33, discusses that and the 226 patent. If there are no further questions, I will yield the remainder of my time. Thank you. Thank you, Your Honors. Just quickly, I'm going to pick up with the address request signal. Keep in mind the claim language is that the circuit has to generate an address request signal. It isn't enough that somewhere along the line in the system, an address is served up. It has to generate an address request signal, and that is not being done here. Those signals are service request signals or access request signals, signals saying, I'm the DPC. I'd like to, in this case, read data from the buffer, and then the RAM buffer controller 44 arbitrates and determines who has highest priority and gives that advice. In your view, in the Joshi system, does someone send out a request for an address? Actually, no. As it relates to the portion of Joshi that the board has relied upon, there isn't a request for an address at all. I take it your point is there isn't from the DPC. Is there from the RAM buffer controller a request for an address? No, Your Honor, there isn't. I thought in Joshi there's discussion of at least getting an RPX pointer, which Joshi says is an address. Nobody requests it? Nobody requests it. Nobody issues a command saying, send me the next address or send me the address you'd like me to access. Instead, all that's generated is from the DataPath controller a request that I'd like to access the buffer memory, 38. That's sent to the RAM buffer controller 44. RAM buffer controller 44, the Joshi reference explains that when it receives that read request signal from the DataPath controller, it does a number of things. It reconfigures multiple multiplexers within the circuitry. It sends signals. As a result, it sends signals to multiple areas of the circuit, including to the buffer memory. One of those signals is to send an address to the buffer memory. But it isn't requested by that specific request. One of the many things that the RAM buffer controller does is to generate an address, this pointer that was discussed earlier. It generates it? It generates the address itself. But the address wasn't requested by the DataPath controller. All that the DataPath controller generated, per the claim language, was an access request signal. I need to access the buffer memory, 38. And then from there, there's this whole discussion. What kind of address does it generate? I'm sorry? You say it generates an address, RAM number 44. Yes. What address to what? In the case of the read request, the signals we're talking about, it generates an address to the buffer memory, 38, telling the buffer memory, 38, what location to output the data from. How does it know what address to pick? Based on the address sent from RAM buffer controller 44. I'm sorry? You say it's RAM 44 that generates the address. It generates, but those are, that's right, it generates. It generates it from what? How does it know the address is going to go someplace to where something is stored in the memory that you're going to read, right? That's right. That's right, Your Honor. So that's where, without the address, you can never find what to read. That's right, Your Honor.  That's right. How does it know what to generate? Okay, and this is not really addressed in the Board's decision, but Joshi explains that Node Processor 52, so the block that's on the far left, it initiates all of these devices, 44, 43, and 34 in particular, using that bus up at the top labeled NPI. That bus, that Node Processor bus, it uses those to initiate that. Part of the initiation process is to set up these, what the Board called multiple queues, multiple FIFOs, first-in, first-out memory configurations within the buffer. And so what it does is it initializes the RAM buffer controller with an address to start with for each of those FIFOs. Configure to generate an address is what we're worried about. That's right. And 44 sounds like, I'm sorry, configure to generate a request. I'm sorry, request for an address. And that is the key distinction, Your Honor. It's request to generate an address. It's not the generation of an address that satisfies the claim language. The claim language says it has to be configured to generate an address request. You're saying there's nothing in Joshi that is generated to generate a request signal. That's right. And in particular, we're looking at the Board's conclusion, and they relied on two particular signals that I read into the record. The request signal, the thing that's being sent by 44 someplace to read is a signal, right? It is, yeah. It's an address signal. It's on this address bus. So 44 is generating an address. But it's in the form of a signal. I mean, how is the information that's being sent from 44 to wherever the information is to read, right? It doesn't get read without a signal coming from 44 to where the document was stolen. I agree, Your Honor. So there is an address. So how is that generating a request for a signal? Well, the claim language is, let me just read it so I'm being specific. So the claim language is that the multi-queue storage device, so 38 or 43, as identified by the Board, one of those two has to generate an address request signal. What you're focusing on, Your Honor, is the address itself, that in the 226 patent is returned in response to the address request signal. So in the 226 patent, the memory, the multi-queue storage device, requests an address. And then the interface in response sends the address. And what you're most closely looking at, Your Honor, is what would be in the 226 patent, the response to the address request signal. But the claim language is generating the address request signal itself. There was some dispute as to whether or not all this happens directly or indirectly. I think that goes to the, it was external or internal, I believe, Your Honor. If I'm, maybe I'm missing your point. Can I ask you another question? When the signal, D-R-D-R-E-Q-S, is sent to the RAM buffer controller 44, there is some disclosure that things happen and then an address request is sent to buffer memory 38. But what are the things besides an address request are disclosed to have been sent in response to the D-R-D, I just want to make sure I got it right, D-R-D-R-E-Q-S signal? So just to clarify, an address is sent from 44 to 38. I think you said an address request. Yeah, that's what I meant. You're right. An address. And what other things would be done in response? I mean, you're saying that the D-R-D-R-E-Q-S isn't an address request signal. The response is, well, what happens in response to receiving that is an address is sent to buffer memory 38. And so I'm wondering what else are you contending would happen in response to the sending of the D-R-D-R-E-Q-S? I understand, Your Honor. So I don't have the APPX number. I'm sorry, a copy of the, of the JOSHI reference I have doesn't have those numbers on it. But it's at columns 15 and 16. And in particular, it begins roughly at column 15, line 49 it looks like, and it goes over to column 16, roughly line 9. That's about what I'm looking at, to be honest with you. We're focused on the same part of the spec. And what I see happening here is that in response to the sending of the D-R-D-R-E-Q-S signal, there is an address that is sent to the buffer memory. There is. There is, Your Honor. I'm not disputing that an address isn't in fact sent, but I'm simply saying that the signal that's sent from the data path controller 43 is not requesting an address, okay? It's saying I want to have access to the RAM buffer controller. There's, and again, the Board doesn't. Can I just add? Yes, Your Honor. Because I know you're over time already. Sorry. If 43 and 38 are treated as a single unit, which is I think kind of the first issue, then it is a unit requesting for itself an address. Okay. And as you know, we don't agree with the idea that the two should be treated together. But I wonder if we disagree with you at the first point, then we need to treat the data path controller and the buffer memory as a single unit. That unit sends out a request and gets back an address, a necessary part of the words used in the request, namely, I want information. I think, first of all, the words in the claim have to have meaning. It has to be. It can't just be any signal that's sent out that returns an address. In fact, the claim doesn't even require that an address be returned. It's requesting an address. Any request for stored data necessarily encompasses an identification of a location where to find it. I think in the context of the 226 patent, I think that's true, Your Honor. And I think that in this portion of the specification that I was discussing with Judge Stoll, it explains there's a lot of reconfiguration that occurs within the RAM buffer controller 44 itself, which is shown in detail in other figures, like figures 2 and I think it's figures 4. There are two different views of all the circuitry within that RAM buffer controller 44. And a lot of steps take place, and those are described, some of which, at least, are described in this column 15 to column 16 citation that I gave. But it's not requesting an address. It's saying, I would like to have access to the RAM buffer controller. The node processor, 52. I think we actually understand your argument. Thank you, Your Honor. I appreciate it. Thank you.